Nicholas A. Brown (SBN 198210)
brownn@gtlaw.com
**GREENBERG TRAURIG, LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Kevin S. Kudlac (*PHV App. to be filed*)
TX State Bar No. 00790089
kudlack@gtlaw.com
Amber L. Hagy (Admitted to NDCA Bar)
TX State Bar No. 09223750
hagya@gtlaw.com
**GREENBERG TRAURIG, LLP**
300 W. 6th Street, Suite 2050
Austin, TX 78701
Telephone: (512) 320-7231
Facsimile: (512) 320-7210

Jennifer H. Doan (*PHV App. to be filed*)
TX State Bar No. 08809050
jdoan@haltomdoan.com
**HALTOM & DOAN**
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800

*Counsel for Movant Tony Bates*

☐ ORIGINAL

FILED E-filing

APR 11 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Miscellaneous Action No.<br>CV14 80107 MISC. PSG EJD<br><br>[Action pending in the United States District Court for the Eastern District of Texas, Case No. 6:12-CV-00663-LED]<br><br>**DECLARATION OF AMBER L. HAGY IN SUPPORT OF NON-PARTY TONY BATES' NOTICE OF MOTION AND MOTION TO QUASH AND FOR PROTECTIVE ORDER** |

I, Amber L. Hagy, under penalty of perjury, declare as follows:

1. I am an attorney of law duly licensed to practice law in the State of Texas and I have been an active member of the bar of the Northern District of California since 1992. I am a shareholder with the law firm of Greenberg Traurig, LLP, attorneys for movant Tony Bates in this action. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, could and would competently testify as set forth below.

2. I am also counsel for Microsoft Corporation in a patent infringement action brought by PersonalWeb Technologies, LLC ("PersonalWeb") in the Eastern District of Texas, CA No. 6:12-CV-00663-LED ("the Texas Case").

3. On March 19, 2014, counsel for PersonalWeb sent an email to several attorneys representing Microsoft, including myself, which attached three notices of deposition for the Texas Case. The notices of deposition were of Steve Ballmer, former Microsoft CEO and current member of Microsoft's Board of Directors; Tony Bates, former Executive Vice President of Business Development for Microsoft; and Gurdeep Pall, the Global Head of Communications Products for Microsoft.

4. Attached as Exhibit A is a true and correct copy of the Notice of Deposition of Steve Ballmer.

5. Attached as Exhibit B is a true and correct copy of the Notice of Deposition of Gurdeep Pall.

6. Attached as Exhibit C is a true and correct copy of the Notice of Deposition of Tony Bates.

7. On March 24, 2014, within three business days of receiving the notices, I wrote an email to PersonalWeb's counsel, advising that Mr. Bates, Mr. Ballmer, and Mr. Pall were all

"apex" executives of Microsoft and that PersonalWeb's depositions of those individuals could not proceed unless and until PersonalWeb could show that they had "'unique personal knowledge about the controversy' that cannot be obtained through other, 'less intrusive discovery methods'" (quoting a decision from the Eastern District of Texas in which the court granted a protective order against an "apex" deposition of Microsoft's then-CEO, Bill Gates). I asked PersonalWeb's counsel to provide its basis for seeking these depositions, and also requested an immediate meet and confer to discuss the issue. A true and correct copy of that email exchange, with attachment, is attached hereto as Exhibit D.

8. On March 25, 2014, counsel for PersonalWeb responded to my email stating that "PersonalWeb's basis for seeking these depositions is that each witness possesses unique firsthand knowledge regarding Microsoft's acquisition of Skype and Skype's license to the patents-in-suit which Microsoft has raised as an issue in this litigation." No other details were provided. A true and correct copy of that email exchange is attached hereto as Exhibit E.

9. Thereafter, counsel for Microsoft and counsel for PersonalWeb exchanged several emails attempting to schedule a meet and confer between lead and local counsel, which is required under the Local Rules of the Eastern District of Texas before any discovery dispute may be brought to the Court's attention. Scheduling was complicated by the fact that Microsoft's lead counsel, Kevin Kudlac, suffered a death in his immediate family and was unavailable for several days. Meanwhile, I reiterated several times Microsoft's request that PersonalWeb provide support for its contention that the noticed apex individuals had "unique firsthand knowledge regarding Microsoft's acquisition of Skype and Skype's license." Counsel for PersonalWeb did not provide any substantive response in any of the emails. Attached as Exhibit

F is a true and correct copy of email exchanges between counsel for Microsoft and counsel for PersonalWeb dated March 24, 2014, - April 1, 2014.

10. On April 3, 2014, counsel for Microsoft (including myself, Microsoft's lead counsel, Kevin Kudlac, and Microsoft's local counsel, Jennifer Doan) and counsel for PersonalWeb (including PersonalWeb's lead / local counsel, Max Tribble) engaged in a telephonic meet and confer to discuss, among other things, the apex deposition notices. During that meet and confer, counsel for Microsoft asked again for support that the Microsoft executives had unique firsthand information that could not be obtained from other sources within Microsoft. Counsel for PersonalWeb was unable to point to any concrete support. The most PersonalWeb provided was a comment by its lead counsel that he had "heard from [his] guys" that Mr. Ballmer was involved in negotiations regarding Microsoft's acquisition of Skype. When pressed for an identity of who said that, PersonalWeb's counsel could not recall. Nor could PersonalWeb's counsel point to any information material to the claims and defenses in this case that Mr. Ballmer might uniquely possess. No specific comments were made by PersonalWeb's counsel regarding any unique firsthand knowledge on the part of Mr. Bates or Mr. Pall.

11. Microsoft emphasized during the parties' April 3d meet and confer that Microsoft was willing to work with PersonalWeb in terms of allowing PersonalWeb to pursue its discovery of the Skype issues through 30(b)(6) depositions. PersonalWeb's lead counsel flatly rejected this offer, however, insisting "I get Ballmer's deposition."

12. Although the deposition notices set deposition dates for the week of April 7th, the parties agreed during the meet and confer that the depositions would not go forward on the dates noticed, in view of the fact that Microsoft would be seeking a protective order.

13. Microsoft's local counsel, Jennifer Doan, followed up via email after the meet and confer, confirming that the noticed executives would not be offered for deposition on the dates requested, and that Microsoft would be moving to quash the depositions and/or for a protective order. Ms. Doan reiterated Microsoft's offer to provide a 30(b)(6) witness on the Skype issues. Attached as Exhibit G is a true and correct copy of an email exchange between counsel for Microsoft and counsel for PersonalWeb dated April 6, 2014. PersonalWeb's lead counsel again refused to consider that course of discovery, again asserted that they "want [Ballmer's] depo," and advised that PersonalWeb would be filing a motion to compel. PersonalWeb's counsel made again no specific comments regarding the depositions of Mr. Bates or Mr. Pall.

14. On April 7, 2014, Ms. Doan wrote an email to PersonalWeb's counsel, including its lead counsel Mr. Tribble, and advised that Tony Bates was not a current employee of Microsoft and thus PersonalWeb would have to issue a subpoena for his deposition. Ms. Doan advised that she also represented Mr. Bates individually and agreed to accept service of the subpoena on his behalf. A true and correct copy of that email exchange is attached hereto as Exhibit H.

15. In the Texas Case, Microsoft filed a motion for protective order to quash the deposition notices of Mr. Ballmer and Mr. Pall on April 8, 2014. CA No. 6:12-CV-00663-LED, Dkt. No. 121. In that motion, Microsoft advised that Mr. Bates would be personally challenging any subpoena issued on him.

16. On April 9, 2014, counsel for PersonalWeb emailed to Ms. Doan a subpoena noticing a deposition of Tony Bates for April 14, 2014, in San Francisco, CA. A true and correct copy of the subpoena is attached hereto as Exhibit I.

17. On April 10, 2014, Microsoft's lead counsel, Kevin Kudlac, confirmed to counsel for PersonalWeb that Mr. Bates would be moving to quash the subpoena issued on April 9th.

18. Attached as Exhibit J is a true and correct copy of a short biography of Tony Bates, former Microsoft Executive Vice President for Business Development and Evangelism, dated July 11, 2013, from the Microsoft News Center, obtained from http://www.microsoft.com/en-us/news/exec/bates.

19. Attached as Exhibit K is a true and correct copy of a short biography of Steve Ballmer dated February 4, 2014, from the Microsoft News Center, obtained from http://www.microsoft.com/en-us/news/exec/steve/.

20. Attached as Exhibit L is a true and correct copy of an article from CNNMoney dated February 17, 2014, discussing Gurdeep Pall as head of Microsoft Lync and Skype, obtained from http://tech.fortune.cnn.com/tag/gurdeep-singh-pall/.

21. Attached as Exhibit M is a true and correct copy of a Patent and Software License Agreement between Skype Technologies SA, Skype, Inc., and Affiliates ("Licensees") and Brilliant Digital Entertainment and Altnet, Inc. ("Licensors"), dated November 19, 2009, PWEB 071325-071331. Although this document is marked "Confidential," it was submitted by the licensors' successor-in-interest, PersonalWeb, to the United States Patent Office in connection with ongoing public *Inter Partes* Review proceedings on July 24, 2013 (IPR 2013-00082). The license remains publicly available through the Patent Office portal for *Inter Partes* Review proceedings. Therefore, any confidentiality has been waived.

22. Kevin Bermeister is listed on PersonalWeb's website as "nonexecutive chairman." His biography on the PersonalWeb website also states: "Bermeister sits on the board of various companies and has been a founding investor in several successful startups including

Skype. He resides in and is based in Sydney Australia." Obtained from http://www.personalweb.com/about.

23. Attached as Exhibit N is a true and correct copy of excerpts from the Europlay Capital Advisors website, listing Mark Dyne as a "Team Member." Mr. Dyne's biography from that website states:

> Mark was a member of the original board of Skype together with the company's founders until it was sold to eBay, and led the negotiations for Joltid to become a major shareholder of Skype in its acquisition from eBay which subsequently led to the sale of Skype to Microsoft and joined the Board of Directors. Mark has also served as CEO of Sega Gaming Technologies and Sega Ozisoft, CEO and Chairman of Virgin Interactive, and a member of the Board of Directors of Synthean. He is currently a member of the Board of Directors of Talon International. MCV, a leading gaming publication, called him "The Deal Maker" and published his "Ten Rules of Negotiating".

Obtained from http://europlaycapital.com/mark-dyne/. In addition, Mark Dyne's LinkedIn biography states:

> Mark is the founder and the Chairman and CEO of Europlay Capital Advisors. Mark was one of the original investors in Skype and its first Board Member and remained on the Board through the sale of of [sic] Skype to eBay for over $2.6 billion, and Mark was part of the group that bought Skype from eBay in November 2009. He re-joined the Board of Directors and was the longest serving Board Member of Skype, serving from its start to the end sale when Skype was sold to Microsoft in 2011 for $8.5 Billion.

Obtained from http://www.linkedin.com.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 11th day of April 2014, at Austin, Texas.

*/s/ Amber L. Hagy*
Amber L. Hagy